CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 2 2 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRENDON LAMONT GANNON, SR., ) <br> Plaintiff, ) | Civil Action No. 7:08cv00394 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CENTRAL VIRGINIA REGIONAL JAIL, ) <br> Defendant. ) | By: Hon. Glen E. Conrad <br> United States District Judge |

Brendon Lamont Gannon, Sr., a Virginia inmate or pre-trial detainee[1] proceeding pro se, filed this civil rights action under 42 U.S.C. §§ 1983 and 1985. Plaintiff requests unspecified damages and injunctive relief. Having reviewed the complaint, the court concludes that plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[2,3]

## I. Factual Background

As noted, plaintiff is presently incarcerated in the Orange facility of the Central Virginia Regional Jail ("Orange"). He alleges that "[t]he bathrooms and showers" at Orange are "unsanitary because the jail depends on the inmates to clean up after each other" and that "a lot of times they go unclean and mildew and fungus have now grown in these areas." He adds that there are no "Spanish speaking officers . . . to accomadate [sic] the Spanish speaking inmates" and that "[t]he commissary

---

[1] It is unclear whether plaintiff is an inmate or a pre-trial detainee; however, it is clear that he is presently held in custody at the Central Virginia Regional Jail facility in Orange, Virginia, and that he complains of conditions in that facility.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[3] The court notes that the named defendant is not a proper defendant in an action pursuant to § 1983 because the "Central Virginia Regional Jail" is not a "person" susceptible to suit. West v. Atkins, 487 U.S. 42 (1988); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). However, even were the court to grant plaintiff the opportunity to amend to name proper defendants, his claim would still fail for the reasons stated herein.

is bad for your health" because "it contains nothing but junk food, with outrageous prices," and offers "nothing for diabetics, people with high blood [sic] or vegetarians."

## II. Discussion

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981). However, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. <u>Id.</u> at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See <u>Rish v. Johnson</u>, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. <u>Id.</u> Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." <u>Id.</u> (quoting <u>Strickler v. Waters</u>, 989 F.2d 1375, 1381 (4th Cir. 1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." <u>Strickler</u>, 989 F.2d at 1379. Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." <u>De'lonta v. Angelone</u>, 330 F.3d 630, 634 (4th Cir. 2003) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)).

Applying these principles to plaintiff's allegations, the court concludes that he has failed to state a claim under the Eighth Amendment. In the first instance, plaintiff complains of no injury whatsoever. Assuming <u>arguendo</u> that the conditions of which plaintiff complains could lead to any injury, health problem, or disease, the injuries are entirely speculative and thus are not sufficiently

2

Case 7:08-cv-00394-GEC-mfu   Document 4   Filed 07/22/08   Page 2 of 5   Pageid#: 7

serious to rise to the level of an Eighth Amendment violation.[4] There is no indication that the complained-of conditions have resulted in any injury, much less a serious or significant injury. See Strickler, 989 F.2d at 1380-1381; see also Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis). Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (holding that an inmate failed to state a claim under the Eighth Amendment, since his complaints of breathing problems, chest pain, dizziness, sinus problems, headaches, and fatigue were "objectively speaking, relatively minor"); Oliver v. Deen, 77 F.3d 156, 158-159 (7th Cir. 1996) (holding that an inmate failed to demonstrate a serious medical need for purposes of the Eighth Amendment, where the inmate alleged that exposure to environmental tobacco smoke was causing nausea, wheezing, shortness of breath, and dizziness); Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (holding that the risk of harm by fire or smoke did not constitute cruel and unusual punishment) (citation omitted); Martin v. Arpaio, 2006 U.S. Dist. LEXIS 83330, at *10 (D. Ariz. Nov. 14, 2006) (holding that an inmate's allegation of cramping, diarrhea, and vomiting appeared to be de minimis); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417, at *14-16 (S.D. N.Y. Sept. 4, 2003) (holding that none of the inmate's individual ailments were sufficiently serious for purposes of the Eighth Amendment where the inmate alleged that he was suffering from chest pain, nausea, the "inability to 'keep food down'";

---

[4] Plaintiff does not allege that he has suffered any injuries or illness as a result of the "unsanitary" bathrooms and showers. Nor does plaintiff, who is apparently functionally proficient in at least the reading and writing of English, allege that he has been personally affected in any injurious way by the facility's alleged deficiency in Spanish-speaking officers. Finally, plaintiff does not allege that the "outrageous prices" and lack of variety in the commissary inventory have caused him any injury, or that appropriate food choices for diabetics, inmates with high blood pressure, or vegetarians are not available through the facility's food services.

3

rapid weight loss; and dizziness). It is clear that mere allegations of inadequacy, absent any suggestion of actual deleterious effects, fail to state a claim under the Eighth Amendment. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993); Ashann-Ra v. Commonwealth of Virginia, et al., 112 F. Supp. 2d 559, 563 (W.D. Va. Aug. 22, 2000) (holding that, absent evidence of "serious physical injury," mere allegations that institutional employees failed to provide an inmate with properly fitting shoes failed to state a claim of constitutional magnitude).

The court has noted that plaintiff may be or may have been a pre-trial detainee at some time during his confinement at Orange. The claims of a state pre-trial detainee should be evaluated under the Due Process Clause of the Fourteenth Amendment instead of the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs). Conditions of confinement cannot be considered punishment so long as they are rationally connected to a legitimate, non-punitive penological purpose and are not excessive in relation to that purpose. Bell, 441 U.S. at 535-538. Accordingly, in evaluating the constitutionality of conditions of confinement for pretrial detainees, the court must determine whether the challenged conditions amount to punishment. Id. In the instant case, plaintiff has not demonstrated that the complained-of conditions amount to punishment because, as the court has already explained, plaintiff has not alleged anything more than speculative injury.

For these reasons, plaintiff's § 1983 claim will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.[5]

### III. Conclusion

For the reasons stated, the court concludes that plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 22d day of July, 2008.

_United States District Judge_

---

[5] Regarding plaintiff's request that the court "order a [sic] investigation about these allegations," a district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283, 286-87 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Given that plaintiff's allegations do not appear to state any constitutional claim, plaintiff has not established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff has not alleged facts indicating that he will suffer immediate and irreparable harm in the absence of interlocutory injunctive relief of some kind. Accordingly, plaintiff's request for injunctive relief does not satisfy the "balance of hardships" test, and must be denied.

Insofar as plaintiff's request for injunctive relief could be construed as a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would be effective only until such time as a hearing on a preliminary injunction could be arranged. Given that plaintiff has stated no claim of constitutional significance, and is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.